IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40935
Summary Calendar

_____

KENNETH EDWARD TAYLOR,

Plaintiff-Appellant,

versus

CASS COUNTY DISTRICT COURT;
CASS COUNTY DISTRICT ATTORNEY;
JACK CARTER, in his official
capacity as Judge, Cass County
District Court,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
2:98-CV-95-DF

_____

April 7, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Kenneth Edward Taylor, Texas Prisoner #828757, filed a pro se,
in forma pauperis complaint against Cass County District Court;
Randy Lee, in his capacity as Cass County District Attorney; and
Jack Carter, in his capacity as a district court judge for Cass
County.  The complaint alleges that the State of Texas violated his
constitutional rights by withholding evidence until trial, denying

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him effective assistance of counsel, and denying him an impartial jury. The complaint seeks $10 million in damages and that his criminal case be dismissed. The district court dismissed Taylor's complaint as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

A § 1983 action is the appropriate remedy for recovering damages for illegal state action. <u>Id.</u> at 480-82. The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500 (1973); <u>see also</u> <u>Deters v. Collins</u>, 985 F.2d 789, 792-96 (5th Cir. 1993). If a complaint contains both habeas and § 1983 claims, the district court should separate the § 1983 claims from the habeas claims. <u>Serio v. Members of Louisiana State Board of Pardons</u>, 821 F.2d 1112, 1119 (5th Cir. 1987); <u>see</u> <u>Patton v. Jefferson Correctional Ctr.</u>, 136 F.3d 458, 463 (5th Cir. 1998).

Taylor's complaint, liberally construed, raises both habeas and § 1983 claims. <u>See, e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). He contended that the defendants denied him due process of law, and he requested that his "case" be dismissed. These claims go to the constitutionality of Taylor's underlying conviction and sound in habeas. <u>Preiser</u>, 411 U.S. at 500. However, Taylor also requested that he be awarded monetary damages--relief sought in a § 1983 action. <u>Heck</u>, 512 U.S. at 480-82.

We have reviewed Taylor's brief and the record and AFFIRM the district court's dismissal of Taylor's claim for monetary damages

2

inasmuch as his allegations implicate the invalidity of his conviction, and Taylor has not demonstrated that his conviction has been invalidated. Id. at 487.

We VACATE in part the district court's judgment of dismissal and REMAND to the district court with the instruction to consider Taylor's complaint as also raising claims under 28 U.S.C. § 2254 and to rule accordingly. In closing, we note that, on the record before us, Taylor does not appear to have exhausted his state remedies with respect to his habeas petition. Provided the state elects not to waive this requirement, Taylor's habeas petition should be dismissed without prejudice.

AFFIRMED in part; VACATED and REMANDED in part.